1  **BEN LOVEMAN**  (SBN # 249970)
   ATTORNEY AT LAW
2  Law Offices of Virender Kumar Goswami
   350 San Some St., Ste. 600
3  San Francisco, California 94104
   Tel: (415) 391-0228
4  Fax:(415) 288-0459

5  Attorney for Plaintiff
   **PADAM GIRI**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PADAM GIRI**  Plaintiff  v.  **ROBERT MUELLER III,** Director, Federal Bureau of Investigation; **EMILIO GONZALES,** Director, U.S. Citizenship and Immigration Services (USCIS); **MICHAEL CHERTOFF,** Secretary, Department of Homeland Security; **PAUL CLEMENT,** Acting Attorney General, Department of Justice; **TERRY RICE,** San Francisco Field Office Director, USCIS; **EMILIA BARDINI,** Director, Asylum Office, San Francisco  Defendants. | Civil Action No.:  **COMPLAINT FOR WRIT OF MANDAMUS**  USCIS No.: A 95 598 771  IMMIGRATION CASE |

1

**INTRODUCTION**

1. This is an individual action for declaratory judgment, injunctive and mandamus relief, authorized under the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et. seq.  This action is brought by Plaintiff to compel Defendants and those acting under them to take action on Plaintiff's Application for Asylum, Form I-589, as is required under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 et. seq. and applicable regulations, so that Plaintiff may finally receive a determination regarding his status.

2. Plaintiff is eligible to have his Application adjudicated.

3. Plaintiff filed his Asylum Application with the San Francisco Asylum Office of the legacy United States and Immigration and Naturalization Service (now known as the United States Citizenship and Immigration Services "UCCIS").

4. Defendants have a statutory obligation to adjudicate this Application for Asylum, Form I-589, but have failed or have unreasonably delayed to adjudicate the Application for Asylum.

5. Plaintiff and his lawyers on his behalf have inquired and complained repeatedly to the defendants about the delays without any resolution.

**PARTIES**

6. Plaintiff, Padam Giri, applied for asylum in August of 2002.  His application for asylum is still currently pending at the Asylum Office in San Francisco.

7. Defendant, Robert S. Mueller is sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI").  He is responsible for conducting both criminal record checks and the National name Check Program ("NNCP").  The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

8. Defendant, Emilia Bardini is sued in her official capacity as the Director of the Asylum Office in San Francisco.

9. Defendant, Emilio Gonzales is sued in his official capacity as the director of USCIS, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating I-589 applications for Asylum.

10. Defendant, Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security.  In this capacity he is responsible for the administration and

enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(a), including the accurate, efficient, and secure processing of immigration benefits.

11.  Defendant, Acting Attorney General Paul Clement is sued in his official capacity as the Attorney General of the United States. In this capacity he is charged with the administration and enforcement of the immigration law, including security checks required to obtain an immigration benefit such as asylum. 8 U.S.C. § 1103(a).

12.  Defendant, Terry Rice is sued in his official capacity as the Field Office Director of San Francisco USCIS District.

## JURISDICTION

13.  This court has jurisdiction over the present civil action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) because Plaintiff's claim arises under United States law, and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty. This action challenges only the defendants' procedural policies, practices, and interpretations of law, not the granting or denial of individual applications. Therefore, the jurisdictional limitations of INA §242, 8 U.S.C. §1252 are not applicable.

14.  The aid of the court is invoked under 28 U.S.C. § 2201 and § 2202, authorizing declaratory judgment.

15.  Costs and Attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), et seq.

## VENUE

16.  28 U.S.C. § 1391(e) provides that in a civil action in which the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority or any agency of the United States, the action may be properly brought in any judicial district in which a defendant in the action resides or in any judicial district where a plaintiff resides where no real property is involved. Plaintiff, Padam Giri, is a resident of the Northern District of California and Defendant Emilia Bardini, Director, Asylum Office, San Francisco, is also a resident of the Northern District.

## EXHAUSTION OF REMEDIES

17. Plaintiff has exhausted his administrative remedies. Plaintiff and his attorney have made numerous inquiries concerning the status of his I-589 application for asylum to no avail. (<u>See</u> Exhibits). Plaintiff has no other adequate remedy available for the harm he seeks to redress- the failure by Defendants to adjudicate his application for asylum in a timely manner.

**FACTUAL ALLEGATIONS**

18. Plaintiff is a citizen of Nepal, he filed an application for asylum in the United States on 08/19/2002. Plaintiff's Alien Registration number is A 95 598 771. (See Exhibit ("Ex") A).

19. Plaintiff was interviewed by an Asylum Officer at the San Francisco Asylum Office on 09/19/2002. (<u>See</u> Ex. B).

20. Beginning December 17, 2002, Plaintiff made numerous inquiries to USCIS and to the San Francisco Asylum Office regarding the status of his case. He has been repeatedly told that his case is still pending.

21. On December 17, 2002, Plaintiff's former counsel e-mailed Leslie Meeker, Deputy Director of the San Francisco Asylum Office regarding the status of Plaintiff's asylum application. (<u>See</u> Ex. C).

22. On January 9, 2007, former counsel for Plaintiff e-mailed Emilia Bardini, Director, San Francisco Asylum Office, regarding the status of Plaintiff's case and for an estimate of how long Plaintiff's case might take. (<u>See</u> Ex. D).

23. On September 19, 2003, former counsel for Plaintiff, wrote a letter to Congresswoman Anna Eshoo of the 14th Congressional District of California, asking for assistance in determining the status of Plaintiff's case. (<u>See</u> Ex. E).

24. On September 24, 2003, Congresswoman Anna Eshoo replied to Plaintiff's former counsel indicating that she had made an inquiry to the Department of Homeland Security regarding Plaintiff's case. (<u>See</u> Ex. F).

25. On April 17, 2004, two years after his asylum interview, Plaintiff wrote a letter to the San Francisco Asylum Office to check on the status of his case. (<u>See</u> Ex. G).

26. On May 13, 2004, Plaintiff received a reply from Defendant Emilia Bardini, Director, San Francisco Asylum Office stating that his application is still pending and that when a decision is reached Plaintiff would be promptly notified. (<u>See</u> Ex. H).

27.     From May 13, 2004 until August of 2005, Plaintiff made numerous phone calls to USCIS to check on the status of his case. The only information regarding his case Plaintiff received after making these calls was to be told that he should again contact the San Francisco Asylum Office.

28.     On August 17, 2005, former counsel for Plaintiff sent a letter to the San Francisco Asylum Office inquiring as to the status of Plaintiff's case. (See Ex. I).

29.     On October 20, 2005, former counsel for plaintiff received an e-mail form Emilia Bardini, Director, San Francisco Asylum Office, stating that Plaintiff's case was still at HQ office and that it would be completed as soon as it returned. (See Ex. J).

30.     In November of 2005, Plaintiff sought the assistance of Congressman George Miller of the 7th District of California in determining the status of his case.

31.     On November 18, 2005, Congressman Miller inquired with the San Francisco Asylum Office regarding Plaintiff's case status. (See Ex. K).

32.     On January 5, 2006, Congressman Miller received a letter from the San Francisco Asylum Office stating that Plaintiff's case is still under review and "a decision is not expected anytime." (See Ex. L).

33.     On February 23, 2007, Plaintiff again contacted the San Francisco Asylum Office inquiring as to the status of his case. Plaintiff has yet to receive a reply from the San Francisco Asylum Office regarding this inquiry. (See Ex. M).

34.     On September 12, 2007, counsel for Plaintiff, faxed a letter to Emilia Bardini, Director, San Francisco Asylum Office, inquiring as the status of Plaintiffs case. (See Ex. N).

35.     On September 12, 2007, counsel for Plaintiff, mailed a letter to Emilia Bardini, Director, San Francisco Asylum Office, inquiring as to the status of Plaintiff's case. (See Ex. O).

36.     On September 18, 2007, counsel for Plaintiff received a letter from Emilia Bardini, Director, San Francisco Asylum Office, stating that Plaintiff's application is still pending in the San Francisco Asylum Office awaiting "fingerprint clearance and/or name check clearance". (See Ex. P).

37.     It has now been over five years since Plaintiff filed his Form I-589, application for asylum. Plaintiff has made numerous requests to determine the status of his application and the delay associated with its adjudication, but has yet to receive a reasonable response or explanation from any governmental agency to account for such a long delay.

**CLAIMS**

38.    Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate Plaintiff's Application for Asylum, Form I-589, thereby depriving Plaintiff the benefits of becoming an asylee or at least of having his application adjudicated under the law.  By refusing to adjudicate Plaintiffs application Defendants have deprived Plaintiff of the opportunity to become a naturalized United States citizen and have deprived Plaintiff of the right to have his wife and children join him in the United States.  Defendants have also deprived Plaintiff of the peace of mind to which he is entitled under the Immigration and Nationality Act.

39.    Defendants have a clear duty under the Immigration and Nationality Act  ("INA") Section 208 to adjudicate applications for asylum in a reasonably timely manner.  Defendants have unreasonably delayed or refused to adjudicate Plaintiffs Form I-589 application for asylum. Defendants have failed to perform their clear duty by refusing to adjudicate or unreasonably delaying the adjudication of Plaintiff's asylum application.

40.    Plaintiff has a clear right under the INA  to have his I-589 application for asylum adjudicated in a reasonable period of time by the Defendants.  Specifically, INA § 208 (d)(5)(A)(iii) provides that, "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed.  Plaintiff filed his application for asylum in August of 2002;  well over 180 days have passed since the filing of his application. Defendants have not indicated any exceptional circumstances in Plaintiff's case. Even if an exceptional circumstance existed in Plaintiff's case, five years is so far beyond the time period contemplated by the statute that it would still be unreasonable.   Plaintiff has been deprived of this clear right by the Defendants.

41.    Plaintiff has exhausted all administrative remedies that may exist.

42.    Defendants' practices, policies, conduct, and failures to act as to Plaintiff's asylum application, violate the Administrative Procedures Act, 5 U.S.C. §§ 702 and 706, because agency action is unlawfully withheld or unreasonable delayed under §706(1).

43.    Strong humanitarian factors genuinely exist in these circumstances.  Plaintiff's family remains in Nepal under threat by the same forces that forced Plaintiff to flee Nepal in the first place.  Plaintiff worries constantly about the safety of his family in Nepal.  It has been over five years since Plaintiff has been able to see his family because he can not safely return to Nepal and

unless his application for asylum is adjudicated he can not bring his family to the United States.

44.  **Wherefore, Plaintiff prays that the Court:**

    (1)  Assume Jurisdiction of this case.

    (2)  Compel Defendants and those acting under them to perform their duty to adjudicate Plaintiff's application for asylum Form I-589.

    (3)  Grant such other and further relief as this Court deems proper under the circumstances; and

    (4)  Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act

Respectfully submitted this 9th day of October, 2007

_____
Ben Loveman, Esq.
Law Offices of Virender Kumar Goswami
Attorney for Respondent