C 07 5219

# U.S. District Court Northern California

## ECF Registration Information Handout



The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you must (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
| --- | --- |
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Version 5/14/2007

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.   Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.   This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.   The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.   In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.   The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.   The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.   The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.   Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.   Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with $ 3.95 postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18. We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San José | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### DROP BOX FILING PROCEDURES

1.　The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.　The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.　Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.　After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.　If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope **"FOR MESSENGER PICK UP BY: (NAME, FIRM) ."** Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.　A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.　Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PADAM GIRI,

        Plaintiff (s),

    v.

ROBERT MUELLER III,
        Defendant(s).

No. C 07-05219 JCS

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

        IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

        IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 10/11/2007 | Complaint filed | |
| 12/28/2007 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 1/11/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 1/18/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

1

2

**STANDING ORDER**

3    1.    Civil Law and Motion is heard on Fridays, at 9:30 a.m. Criminal Law and
4    Motion is heard on Fridays, at 10:30 a.m. Counsel need not reserve a hearing date in advance
5    for civil motions. However, noticed dates may be reset as the Court's calendar requires.

6

7    2.    Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m.
8    Case Management Conferences will no longer be recorded, unless requested by the parties.

9

10    3.    In cases that are randomly assigned to Judge Spero for all purposes, a Consent to
11    Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge
12    And Request For Reassignment to a United States District Judge Forms will be mailed to all
13    parties. The parties are requested, within two weeks from receipt of the form, to complete and
14    file the form indicating their consent or request for reassignment to a District Judge.

15

16    4.    Parties with questions regarding scheduling of settlement conferences should
17    contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691. All other
18    scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at
19    (415) 522-2035.

20

21    5.    In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and
22    lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter
23    of the Motion(s) in an effort to resolve these matters. After attempting other means to confer on
24    the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10)
25    business days' notice. The location of the meeting will alternate with the first location selected
26    by counsel for Plaintiff, the second by counsel for Defendant, etc. Within five (5) business days
27    of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint
28    Letter to the Court. This Joint Letter shall include a description of every issue in dispute and,

1   with respect to each such issue, a detailed summary of each party's final substantive position

2   and their final proposed compromise on each issue. Upon receipt of the Joint Letter the Court

3   will determine what future proceedings are necessary.

4

5       6.     In all "e-filing" cases, when filing papers in connection with any motion for

6   determination by a judge, the parties shall, in addition to filing papers electronically, lodge with

7   chambers a printed copy of the papers by the close of the next court day following the day the

8   papers are filed electronically. **These printed copies shall be marked "Chambers Copy" and**

9   **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**

10   **marked with the judge's name, case number and "E-Filing Chambers Copy." Parties**

11   **shall not file a paper copy of any document with the Clerk's Office that has already been**

12   **filed electronically.**

13

14       7.     Any proposed stipulation or proposed order in a case subject to electronic filing

15   shall be sent by email to **jcspo@cand.uscourts.gov.** This address is to be used only for

16   proposed orders unless otherwise directed by the Court.

17       IT IS SO ORDERED.

18

19   Dated: May 29, 2007

20

21                       JOSEPH C. SPERO
                       United States Magistrate Judge

22

23

24

25

26

27

28

2

1
2
3
4                         UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7
8             **NOTICE OF RULE DISCONTINUING SERVICE BY MAIL**
9
10            This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel
11   by mail.  If counsel wish to be served with documents generated by the Court, they must register for
12   E-filing pursuant to Local Rule 5-4 and General Order 45.
13            IT IS SO ORDERED.
14
15   Dated: May 30, 2003
16
17                                          JOSEPH C. SPERO
                                            United States Magistrate Judge
18
19
20
21
22
23
24
25
26
27
28

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

C 07 5219

JCS

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☒ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call (800) 676-6856.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PADAM GIRI,

      Plaintiff (s),

v.

ROBERT MUELLER III,
      Defendant(s).

No. C 07-05219 JCS

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 10/11/2007 | Complaint filed | |
| 12/28/2007 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 1/11/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 1/18/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

**STANDING ORDER**

1.      Civil Law and Motion is heard on Fridays, at 9:30 a.m.  Criminal Law and Motion is heard on Fridays, at 10:30 a.m.  Counsel need not reserve a hearing date in advance for civil motions.  However, noticed dates may be reset as the Court's calendar requires.

2.      Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m. Case Management Conferences will no longer be recorded, unless requested by the parties.

3.      In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties. The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4.      Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691. All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5.      In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice. The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc. Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court. This Joint Letter shall include a description of every issue in dispute and,

1

1  with respect to each such issue, a detailed summary of each party's final substantive position

2  and their final proposed compromise on each issue. Upon receipt of the Joint Letter the Court

3  will determine what future proceedings are necessary.

4

5      6.    In all "e-filing" cases, when filing papers in connection with any motion for

6  determination by a judge, the parties shall, in addition to filing papers electronically, lodge with

7  chambers a printed copy of the papers by the close of the next court day following the day the

8  papers are filed electronically. **These printed copies shall be marked "Chambers Copy" and**

9  **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**

10 **marked with the judge's name, case number and "E-Filing Chambers Copy." Parties**

11 **shall not file a paper copy of any document with the Clerk's Office that has already been**

12 **filed electronically.**

13

14     7.    Any proposed stipulation or proposed order in a case subject to electronic filing

15 shall be sent by email to **jcspo@cand.uscourts.gov.** This address is to be used only for

16 proposed orders unless otherwise directed by the Court.

17         IT IS SO ORDERED.

18

19 Dated: May 29, 2007

20                                              JOSEPH C. SPERO
21                                              United States Magistrate Judge

22

23

24

25

26

27

28

2

United States District Court
For the Northern District of California

1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7
8              **NOTICE OF RULE DISCONTINUING SERVICE BY MAIL**
9
10            This is an E-filing case. Pursuant to Local Rule, the Court will no longer serve any counsel
11    by mail. If counsel wish to be served with documents generated by the Court, they must register for
12    E-filing pursuant to Local Rule 5-4 and General Order 45.
13            IT IS SO ORDERED.
14
15    Dated: May 30, 2003
16
17                                                  JOSEPH C. SPERO
                                                    United States Magistrate Judge
18
19
20
21
22
23
24
25
26
27
28

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
## TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

JOSEPH C. SPERO

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MARY ANN BUCKLEY

MagAssnNtc-2-03.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),

No. C

v.

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

Defendant(s).

_____/

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

Signature _____

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

9
10
11

Plaintiff(s),                           No. C .

12

v.                          **DECLINATION TO PROCEED BEFORE
                                A MAGISTRATE JUDGE
                                        AND
                                REQUEST FOR REASSIGNMENT TO A
                                UNITED STATES DISTRICT JUDGE**

13
14
15

Defendant(s).

16

_____/

17

## REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

18      The undersigned party hereby declines to consent to the assignment of this case to a United

19  States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

20  a United States District Judge.

21

22  Dated: _____          Signature _____

23                                          Counsel for _____
                                            (Plaintiff, Defendant, or indicate "pro se")
24
25
26
27
28

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Padam Giri | Federal Bureau of Investigation, Director Robert Mueller III; U.S. Citizenship and Immigration Services, Director Emilio Gonzales; Continued on attachment |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br><br>Contra Costa County | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED. |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Law Office of Virender Kumar Goswami, 350 Sansome Street,<br>Suite 600, San Francisco, CA 94104; (415) 391-0228 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐1 U.S. Government Plaintiff

☐3 Federal Question (U.S. Government Not a Party)

☒2 U.S. Government Defendant

☐4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF

(For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒1 Original Proceeding

☐2 Removed from State Court

☐3 Remanded from Appellate Court

☐4 Reinstated or Reopened

☐5 Transferred from Another district (specify)

☐6 Multidistrict Litigation

☐7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholders Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability<br>☐196 Franchise | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault Libel & Slander<br>☐330 Federal Employers Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☐350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury Med Malpractice<br>☐365 Personal Injury Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food & Drug<br>☐625 Drug Related Seizure of Property 21 USC 881<br>☐630 Liquor Laws<br>☐640 RR & Truck<br>☐650 Airline Regs<br>☐660 Occupational Safety/Health<br>☐690 Other<br><br>**LABOR**<br>☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt Relations<br>☐730 Labor/Mgmt Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl.Ret. Inc. Security Act | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark<br><br>**SOCIAL SECURITY**<br>☐861 HIA (1395ff)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐870 Taxes (US Plaintiff or Defendant<br>☐871 IRS - Third Party 26 USC 7609 | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐480 Deportation<br>☐490 Cable/Satellite TV<br>☐810 Selective Service<br>☐850 Securities/Commodities/Exchange<br>☐875 Customer Challenge 12 USC 3410<br>☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice<br>☐950 Constitutionality of State Statutes<br>☒890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | ☐441 Voting<br>☐442 Employment<br>☐443 Housing<br>☐444 Welfare<br>☐440 Other Civil Rights<br>☐445 Amer w/ disab - Empl<br>☐446 Amer w/ disab - Other | ☐510 Motion to Vacate Sentence Habeas Corpus<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights<br>☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1361: Mandamus action to compel adjudication of asylum application

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____ CHECK YES only if demanded in complaint:    JURY DEMAND:☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  10/10/07    SIGNATURE OF ATTORNEY OF RECORD

## Attachment to Civil Cover Sheet

**Item I(a): Deferndants**
Department of Homeland Security, Secretary Michael Chertoff;
Department of Justice, Acting Attorney General Paul Clement;
United States Customs and Immigration Services, San Francisco Field Office Director
Terry Rice;
United States Customs and Immigration Services, Asylum Office Director Emilia
Bardini.

**Item I(c): Attorneys**
Ben Loveman (attorney of record)

**BEN LOVEMAN** (SBN # 249970)
ATTORNEY AT LAW
Law Offices of Virender Kumar Goswami
350 San Some St., Ste. 600
San Francisco, California 94104
Tel: (415) 391-0228
Fax:(415) 288-0459

Attorney for Plaintiff
**PADAM GIRI**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PADAM GIRI** | Civil Action No.: |
| Plaintiff | |
| v. | |
| **ROBERT MUELLER III,** Director, Federal Bureau of Investigation; **EMILIO GONZALES,** Director, U.S. Citizenship and Immigration Services (USCIS); **MICHAEL CHERTOFF,** Secretary, Department of Homeland Security; **PAUL CLEMENT,** Acting Attorney General, Department of Justice; **TERRY RICE,** San Francisco Field Office Director, USCIS; **EMILIA BARDINI,** Director, Asylum Office, San Francisco | **COMPLAINT FOR WRIT OF MANDAMUS**<br><br>USCIS No.: A 95 598 771<br><br>IMMIGRATION CASE |
| Defendants. | |

1

**INTRODUCTION**

1.      This is an individual action for declaratory judgment, injunctive and mandamus relief, authorized under the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et. seq.  This action is brought by Plaintiff to compel Defendants and those acting under them to take action on Plaintiff's Application for Asylum, Form I-589, as is required under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 et. seq. and applicable regulations, so that Plaintiff may finally receive a determination regarding his status.

2.      Plaintiff is eligible to have his Application adjudicated.

3.      Plaintiff filed his Asylum Application with the San Francisco Asylum Office of the legacy United States and Immigration and Naturalization Service (now known as the United States Citizenship and Immigration Services "UCCIS").

4.      Defendants have a statutory obligation to adjudicate this Application for Asylum, Form I-589, but have failed or have unreasonably delayed to  adjudicate the Application for Asylum.

5. Plaintiff and his lawyers on his behalf have inquired and complained repeatedly to the defendants about the delays without any resolution.

**PARTIES**

6.      Plaintiff, Padam Giri, applied for asylum in August of 2002.  His application for asylum is still currently pending at the Asylum Office in San Francisco.

7.      Defendant, Robert S. Mueller is sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI").  He is responsible for conducting both criminal record checks and the National name Check Program ("NNCP").  The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

8.      Defendant, Emilia Bardini is sued in her official capacity as the Director of the Asylum Office in San Francisco.

9.      Defendant, Emilio Gonzales is sued in his official capacity as the director of USCIS, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating I-589 applications for Asylum.

10.     Defendant, Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security.  In this capacity he is responsible for the administration and

2

1  enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(a) , including the accurate,

2  efficient, and secure processing of immigration benefits.

3  11.     Defendant, Acting Attorney General Paul Clement is sued in his official capacity as the

4  Attorney General of the United States. In this capacity he is charged with the administration and

5  enforcement of the immigration law, including security checks required to obtain an immigration

6  benefit such as asylum.  8 U.S.C. § 1103(a).

7  12.     Defendant, Terry Rice is sued in his official capacity as the Field Office Director of San

8  Francisco USCIS District.

9

**JURISDICTION**

10  13.     This court has jurisdiction over the present civil action pursuant to 28 U.S.C. § 1331

11  (Federal Question Jurisdiction) because Plaintiff's claim arises under United States law, and 28

12  U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

13  This action challenges only the defendants' procedural policies, practices, and interpretations of

14  law, not the granting or denial of individual applications. Therefore, the jurisdictional limitations

15  of INA §242, 8 U.S.C. §1252 are not applicable.

16  14.     The aid of the court is invoked under 28 U.S.C.  § 2201 and § 2202, authorizing

17  declaratory judgment.

18  15.     Costs and Attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5

19  U.S.C. § 504 and 28 U.S.C. § 2412(d), et seq.

20

**VENUE**

21  16.     28 U.S.C. § 1391(e) provides that in a civil action in which the defendant is an officer or

22  employee of the United States or any agency thereof acting in his official capacity, or under color

23  of legal authority or any agency of the United States, the action may be properly brought in any

24  judicial district in which a defendant in the action resides or in any judicial district where a

25  plaintiff resides where no real property is involved.  Plaintiff, Padam Giri, is a resident of the

26  Northern District of California and Defendant Emilia Bardini, Director, Asylum Office, San

27  Francisco, is also a resident of the Northern District.

28

**EXHAUSTION OF REMEDIES**

3

17.     Plaintiff has exhausted his administrative remedies.  Plaintiff and his attorney have made numerous inquiries concerning the status of his I-589 application for asylum to no avail.  (See Exhibits).  Plaintiff has no other adequate remedy available for the harm he seeks to redress- the failure by Defendants to adjudicate his application for asylum in a timely manner.

**FACTUAL ALLEGATIONS**

18.     Plaintiff is a citizen of Nepal, he filed an application for asylum in the United States on 08/19/2002. Plaintiff's Alien Registration number is A 95 598 771. (See Exhibit ("Ex") A).

19.     Plaintiff was interviewed by an Asylum Officer at the San Francisco Asylum Office on 09/19/2002. (See Ex. B).

20.     Beginning December 17, 2002, Plaintiff made numerous inquiries to USCIS and to the San Francisco Asylum Office regarding the status of his case. He has been repeatedly told that his case is still pending.

21.     On December 17, 2002, Plaintiff's former counsel e-mailed Leslie Meeker, Deputy Director of the San Francisco Asylum Office regarding the status of Plaintiff's asylum application. (See Ex. C).

22.     On January 9, 2007, former counsel for Plaintiff e-mailed Emilia Bardini, Director, San Francisco Asylum Office, regarding the status of Plaintiff's case and for an estimate of how long Plaintiff's case might take. (See Ex. D).

23.     On September 19, 2003, former counsel for Plaintiff, wrote a letter to Congresswoman Anna Eshoo of the 14th Congressional District of California, asking for assistance in determining the status of Plaintiff's case. (See Ex. E).

24.     On September 24, 2003, Congresswoman Anna Eshoo replied to Plaintiff's former counsel indicating that she had made an inquiry to the Department of Homeland Security regarding Plaintiff's case. (See Ex. F).

25.     On April 17, 2004, two years after his asylum interview,  Plaintiff wrote a letter to the San Francisco Asylum Office to check on the status of his case. (See Ex. G).

26.     On May 13, 2004, Plaintiff received a reply from Defendant Emilia Bardini, Director, San Francisco Asylum Office stating that his application is still pending and that when a decision is reached Plaintiff would be promptly notified. (See Ex. H).

4

27.    From May 13, 2004 until August of 2005, Plaintiff made numerous phone calls to USCIS to check on the status of his case. The only information regarding his case Plaintiff received after making these calls was to be told that he should again contact the San Francisco Asylum Office.

28.    On August 17, 2005, former counsel for Plaintiff sent a letter to the San Francisco Asylum Office inquiring as to the status of Plaintiff's case. (See Ex. I).

29.    On October 20, 2005, former counsel for plaintiff received an e-mail form Emilia Bardini, Director, San Francisco Asylum Office, stating that Plaintiff's case was still at HQ office and that it would be completed as soon as it returned. (See Ex. J).

30.    In November of 2005, Plaintiff sought the assistance of Congressman George Miller of the 7th District of California in determining the status of his case.

31.    On November 18, 2005, Congressman Miller inquired with the San Francisco Asylum Office regarding Plaintiff's case status. (See Ex. K).

32.    On January 5, 2006, Congressman Miller received a letter from the San Francisco Asylum Office stating that Plaintiff's case is still under review and "a decision is not expected anytime." (See Ex. L).

33.    On February 23, 2007, Plaintiff again contacted the San Francisco Asylum Office inquiring as to the status of his case. Plaintiff has yet to receive a reply from the San Francisco Asylum Office regarding this inquiry. (See Ex. M).

34.    On September 12, 2007, counsel for Plaintiff, faxed a letter to Emilia Bardini, Director, San Francisco Asylum Office, inquiring as the status of Plaintiffs case. (See Ex. N).

35.    On September 12, 2007, counsel for Plaintiff, mailed a letter to Emilia Bardini, Director, San Francisco Asylum Office, inquiring as to the status of Plaintiff's case. (See Ex. O).

36.    On September 18, 2007, counsel for Plaintiff received a letter from Emilia Bardini, Director, San Francisco Asylum Office, stating that Plaintiff's application is still pending in the San Francisco Asylum Office awaiting "fingerprint clearance and/or name check clearance". (See Ex. P).

37.    It has now been over five years since Plaintiff filed his Form I-589, application for asylum. Plaintiff has made numerous requests to determine the status of his application and the delay associated with its adjudication, but has yet to receive a reasonable response or explanation from any governmental agency to account for such a long delay.

**CLAIMS**

38.    Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate Plaintiff's Application for Asylum, Form I-589, thereby depriving Plaintiff the benefits of becoming an asylee or at least of having his application adjudicated under the law. By refusing to adjudicate Plaintiffs application Defendants have deprived Plaintiff of the opportunity to become a naturalized United States citizen and have deprived Plaintiff of the right to have his wife and children join him in the United States. Defendants have also deprived Plaintiff of the peace of mind to which he is entitled under the Immigration and Nationality Act.

39.    Defendants have a clear duty under the Immigration and Nationality Act ("INA") Section 208 to adjudicate applications for asylum in a reasonably timely manner. Defendants have unreasonably delayed or refused to adjudicate Plaintiffs Form I-589 application for asylum. Defendants have failed to perform their clear duty by refusing to adjudicate or unreasonably delaying the adjudication of Plaintiff's asylum application.

40.    Plaintiff has a clear right under the INA to have his I-589 application for asylum adjudicated in a reasonable period of time by the Defendants. Specifically, INA § 208 (d)(5) (A)(iii) provides that, "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed. Plaintiff filed his application for asylum in August of 2002; well over 180 days have passed since the filing of his application. Defendants have not indicated any exceptional circumstances in Plaintiff's case. Even if an exceptional circumstance existed in Plaintiff's case, five years is so far beyond the time period contemplated by the statute that it would still be unreasonable. Plaintiff has been deprived of this clear right by the Defendants.

41.    Plaintiff has exhausted all administrative remedies that may exist.

42.    Defendants' practices, policies, conduct, and failures to act as to Plaintiff's asylum application, violate the Administrative Procedures Act, 5 U.S.C. §§ 702 and 706, because agency action is unlawfully withheld or unreasonable delayed under §706(1).

43.    Strong humanitarian factors genuinely exist in these circumstances. Plaintiff's family remains in Nepal under threat by the same forces that forced Plaintiff to flee Nepal in the first place. Plaintiff worries constantly about the safety of his family in Nepal. It has been over five years since Plaintiff has been able to see his family because he can not safely return to Nepal and

1  unless his application for asylum is adjudicated he can not bring his family to the United States.

2  **44.    Wherefore, Plaintiff prays that the Court:**

3          (1)     Assume Jurisdiction of this case.

4          (2)     Compel Defendants and those acting under them to perform their duty to

5                  adjudicate Plaintiff's application for asylum Form I-589.

6          (3)     Grant such other and further relief as this Court deems proper under the

                   circumstances; and

7          (4)     Grant Attorney's fees and costs of Court to Plaintiff under the Equal Access to

8                  Justice Act

9

10

11  Respectfully submitted this 9th day of October, 2007

12

13

14

                Ben Loveman, Esq.
15              Law Offices of Virender Kumar Goswami
                Attorney for Respondent
16

17

18

19

20

21

22

23

24

25

26

27

28

7

UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT CALIFORNIA

Padam Giri  v. Robert Mueller III, Director, Federal Bureau of Investigation,
et. al.

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that the following
is true and correct. I am over the age of 18 years and am not a party to the
within cause. My business address is 350 Sansome Street, Suite 600, San
Francisco, California 94104. On September 10, 2006, I served two true
copies of:

### COMPLAINT FOR WRIT OF MANDAMUS

In said action by first class mail, postage fully prepaid, in San Francisco,
California addressed as follows:

>    Office of General Counsel
>    U.S. Department of Homeland Security
>    Washington, DC 20528

Executed on October 10, 2007 in San Francisco, California.

Ben Loveman
Law Office of Virender Kumar Goswami

*350 Sansome Street, Suite 600*

*San Francisco, CA 94104*

10

UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT CALIFORNIA

Padam Giri  v. Robert Mueller III, Director, Federal Bureau of Investigation,
et. al.

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that the following

is true and correct. I am over the age of 18 years and am not a party to the

within cause. My business address is 350 Sansome Street, Suite 600, San

Francisco, California 94104. On September 10, 2006, I served two true

copies of:

### COMPLAINT FOR WRIT OF MANDAMUS

In said action by first class mail, postage fully prepaid, in San Francisco,

California addressed as follows:

> Paul Clement, Acting Attorney General
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

Executed on October 10, 2007 in San Francisco, California.

Ben Loveman
Law Office of Virender Kumar Goswami

*350 Sansome Street, Suite 600*

*San Francisco, CA 94104*