SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PADAM GIRI, ) | No. C 07-5219 JCS |
|     ) | |
|     Plaintiff ) | |
|     ) | |
| v. ) | |
|     ) | MOTION TO DISMISS |
| ROBERT MUELLER, III, Director, Federal ) | |
| Bureau of Investigation; EMILIO ) | Date: February 8, 2008 |
| GONZALES, Director, U.S. Citizenship and ) | Time: 9:30 a.m. |
| Immigration Services; MICHAEL ) | Court: A |
| CHERTOFF, Secretary, Department of ) | |
| Homeland Security; MICHAEL B. ) | |
| MUKASEY,* Attorney General, ) | |
| Department of Justice; TERRY RICE, San ) | |
| Francisco Field Office Director, USCIS; ) | |
| EMILIA BARDINI, Director, Asylum ) | |
| Office, San Francisco, ) | |
|     ) | |
|     Defendants. ) | |
| _____) | |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on February 8, 2008, at 9:30 a.m., before the Honorable Joseph C. Spero, Courtroom No. A, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Robert Mueller, et al., by their attorneys, Scott N. Schools, United States Attorney for the Northern District of California, and Melanie L. Proctor, Assistant U.S. Attorney, will move this

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

DEFENDANTS' MOTION TO DISMISS
C 07-5219 JCS                  1

1  Court for an order dismissing the Complaint. Defendants' Motion is based on this notice, the points
2  and authorities in support of this motion, the pleadings on file in this matter, and on such oral
3  argument as the Court may permit.

## II.    INTRODUCTION

Plaintiff asks the Court to compel Defendants to adjudicate his application for asylum. However, Congress has explicitly forbidden such legal actions. In addition, Defendants Mueller and Mukasey are not properly named in this action. Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction.

## III.    GENERAL PRINCIPLES APPLICABLE TO THIS MOTION

### A.    LEGAL STANDARD

"When a defendant moves to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim." R.K., ex rel. T.K.. v. Hayward United School Dist., 2007 WL 2778702, at *4 (N.D. Cal. Sept. 21, 2007), citing Thornhill Publ'n Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). A motion to dismiss for lack of subject matter jurisdiction may take two forms: facial or factual. R.K., 2007 WL 2778702, at *4 citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When the jurisdictional attack is "facial," the Court accepts the factual allegations of the complaint as true, and construes those facts in the light most favorable to the non-moving party. R.K., 2007 WL 2778702, at *4. If the attack is "factual," the Court may consider "affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint." Id.

### B.    RELIEF AVAILABLE UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE MANDAMUS ACT

Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq., a court may compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The elements of a claim under § 706(1) are the existence of a discrete, ministerial duty; a delay in carrying out that duty; and a determination that the delay was unlawful or unreasonable in light of

1  prejudice to one of the parties. Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004);
2  Rockbridge v. Lincoln, 449 F.2d 567, 569-73 (9th Cir. 1971).
3        The Administrative Procedure Act, 5 U.S.C. § 701 ("APA"), et seq., does not provide an
4  independent jurisdictional basis. Califano v. Sanders, 430 U.S. 99, 107 (1977); Staacke v. U.S.
5  Department of Labor, 841 F.2d 278, 282 (9th Cir. 1988). Rather, it merely provides the standards
6  for reviewing agency action once jurisdiction is otherwise established. Staacke, 841 F.2d at 282.
7  Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), does not provide an
8  independent basis for jurisdiction; rather, it only expands the range of remedies available in federal
9  courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).
10       Mandamus is an extraordinary remedy. See Cheney v. United States District Court for
11 the District of Columbia, 542 U.S. 367, 392 (2004) (Stevens, J., concurring); Allied Chemical
12 Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The United States Supreme Court has stated that
13 "[t]he common law writ of mandamus is intended to provide a remedy for a plaintiff only if . . . the
14 defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984).
15 The Ninth Circuit has explained that

> [m]andamus . . . is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.

19 Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003).
20     C.    <u>ASYLUM BENEFITS</u>
21       Under 8 U.S.C. § 1158, an alien physically present in the United States, or who arrives in
22 the United States, may apply for asylum. 8 U.S.C. § 1158; 8 C.F.R. § 208.1-14. Generally, the
23 application is filed with the service center which services the asylum office with jurisdiction over
24 the applicant's residence; however some applications may be filed directly with the asylum office.
25 8 C.F.R. § 208.4(b). While the application is pending, the applicant may receive authorization to
26 be employed in the United States. 8 C.F.R. § 208.7. Asylum applicants are interviewed under oath
27 by an asylum officer. 8 C.F.R. § 208.9. In the case of an alien who does not otherwise have lawful
28 status in the United States, if the asylum officer does not grant asylum, she or he will refer the

DEFENDANTS' MOTION TO DISMISS
C 07-5219 JCS            3

application to the immigration judge for adjudication.  8 C.F.R. § 208.14(c)(1).

## IV.  ANALYSIS

### A.    THE COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff asserts that under 8 U.S.C. § 1158(d)(5)(A)(iii), he has a right to have his application decided within 180 days after the date he filed his application.  Complaint, p. 6 ¶ 40.  However, Plaintiff ignores the sentence that appears just two subsections later:

> Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

8 U.S.C. § 1158(d)(7).  Mandamus relief is only available where the plaintiff establishes a clear and certain claim, and the existence of a nondiscretionary duty that is free from doubt.  Kildare v. Saenz, 325 F.3d at 1084.

Moreover, the United States, as sovereign, can be sued only to the extent that it has consented to be sued.  United States v. Sherwood, 312 U.S. 584, 586 (1941); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  Here, Congress has explicitly proscribed against Plaintiff's action.  8 U.S.C. § 1158(d)(7).  Accordingly, the Court lacks subject matter jurisdiction, and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Vang v. Gonzales, 237 Fed. Appx. 24, 31 (6th Cir. 2007) (holding a fourteen year delay in processing petitioners' asylum applications did not deny them due process rights, taking note of § 1158(d)(7)); Gjeluci v. Chertoff, 2005 WL 1801989, at *1 (E.D. Mich. July 27, 2005) (finding that § 1158(d)(7) expressly precludes a finding that a clear nondiscretionary duty exists).

### B.    DEFENDANTS MUELLER AND MUKASEY ARE NOT PROPERLY NAMED

Plaintiff alleges that Defendant Mueller is sued in his official capacity, because "he is responsible for conducting both criminal background checks and the National Name Check Program."  Complaint, p. 2 ¶ 7.  However, Plaintiff fails to allege any facts that support a claim against him.  Complaint, pp. 4-5 ¶¶ 18-37.  Similarly, Plaintiff alleges that the Attorney General[1] is

---

[1] Plaintiff names Paul Clement as the Acting Attorney General ; however, the Acting Attorney General was Peter D. Keisler.  Regardless, pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey  is substituted for his predecessor as the United States Attorney General.

sued in his official capacity, because "he is charged with the administration and enforcement of the immigration law, including security checks required to obtain an immigration benefit such as asylum." Complaint, p. 3 ¶ 11. The statute on which Plaintiff relies provides that the Secretary of the Department of Homeland Security is charged with the administration and enforcement of immigration law. 8 U.S.C. § 1103(a). Moreover, as with Defendant Mueller, Plaintiff fails to state a claim against Defendant Mukasey. Complaint, pp. 4-5 ¶¶ 18-37.

Since March 1, 2003, the Department of Homeland Security ("DHS") has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557. Thus, the only relevant Defendants here are those within the DHS, and Defendants Michael B. Mukasey and Robert S. Mueller should be dismissed. See Clayton v. Chertoff, et al., No. 07-cv-02781-CW, slip. op., at 4-7 (N.D. Cal. Oct. 1, 2007); Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007).

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to dismiss the Complaint.

Dated: December 21, 2007                                Respectfully submitted,

                                                        SCOTT N. SCHOOLS
                                                        United States Attorney


                                                        _____/s/_____
                                                        MELANIE L. PROCTOR
                                                        Assistant U.S. Attorney