SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PADAM GIRI, | No. C 07-5219 JCS |
|     Plaintiff | |
| v. | |
| ROBERT MUELLER, III, Director, Federal Bureau of Investigation; et al, | PROPOSED ORDER |
|     Defendants. | |

## PROPOSED ORDER

Plaintiff asks the Court to compel Defendants to adjudicate his application for asylum. However, Congress has explicitly forbidden such legal actions. In addition, Defendants Mueller and Mukasey are not properly named in this action. Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction.

Plaintiff asserts that under 8 U.S.C. § 1158(d)(5)(A)(iii), he has a right to have his application decided within 180 days after the date he filed his application. Complaint, p. 6 ¶ 40. However, the same statute provides that

> [n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

8 U.S.C. § 1158(d)(7). Mandamus relief is only available where the plaintiff establishes a clear and

certain claim, and the existence of a nondiscretionary duty that is free from doubt. Kildare v. Saenz, 325 F.3d at 1084.

Moreover, the United States, as sovereign, can be sued only to the extent that it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Here, Congress has explicitly proscribed against Plaintiff's action. 8 U.S.C. § 1158(d)(7). Accordingly, the Court lacks subject matter jurisdiction, and the Complaint shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Vang v. Gonzales, 237 Fed. Appx. 24, 31 (6th Cir. 2007) (holding a fourteen year delay in processing petitioners' asylum applications did not deny them due process rights, taking note of § 1158(d)(7)); Gjeluci v. Chertoff, 2005 WL 1801989, at *1 (E.D. Mich. July 27, 2005) (finding that § 1158(d)(7) expressly precludes a finding that a clear nondiscretionary duty exists).

In addition, Defendants Mueller and Mukasey are not properly named as defendants. Since March 1, 2003, the Department of Homeland Security ("DHS") has been the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557. Thus, the only relevant Defendants here are those within the DHS, and Defendants Michael B. Mukasey and Robert S. Mueller should be dismissed. See Clayton v. Chertoff, et al., No. 07-cv-02781-CW, slip. op., at 4-7 (N.D. Cal. Oct. 1, 2007); Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007).

The Complaint is hereby DISMISSED, with prejudice. IT IS SO ORDERED.

Date: _____

JOSEPH C. SPERO
United States Magistrate Judge