1  **BEN LOVEMAN**  (SBN # 249970)
   ATTORNEY AT LAW
2  Law Offices of Virender Kumar Goswami
   870 Market Street., Ste. 1028
3  San Francisco, California 94102
   Tel: (415) 391-0228
4  Fax:(415) 288-0459

5  Attorney for Plaintiff
   **PADAM GIRI**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **PADAM GIRI** ) | No.: 07-5219 JCS |
| Plaintiff ) | |
| v. ) | |
| **ROBERT MUELLER III,** Director, Federal Bureau of Investigation; **EMILIO GONZALES,** Director, U.S. Citizenship and Immigration Services (USCIS); **MICHAEL CHERTOFF,** Secretary, Department of Homeland Security; **MICHAEL B. MUKASEY,** Attorney General, Department of Justice; **TERRY RICE,** San Francisco Field Office Director, USCIS; **EMILIA BARDINI,** Director, Asylum Office, San Francisco ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **OPPOSITION TO MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT** <br><br> Date: March 21, 2008 <br> Time: 1:00 p.m <br> Court: A |
| Defendants. ) | |

1

## I. INTRODUCTION

Plaintiff asks the Court to compel Defendants to adjudicate his application for asylum. Defendants have asked that the Court dismiss this action for lack of subject matter jurisdiction and argue that Congress has expressly forbidden such legal actions. As will be argued below, Congress has done no such thing and this Court has jurisdiction to hear this matter pursuant Federal Question Jurisdiction and the Mandamus Act.

## II. ANALYSIS

### A.   THE COURT HAS SUBJECT MATTER JURIDICTION

Federal courts are courts of limited jurisdiction, deriving their authority from both constitutional and legislative sources. See U.S. Const. art. III, § II; 28 U.S.C. § 1331; Keene Corp. v. United States, 508 U.S. 200 (1993). It is exclusively the power of Congress to restrict the jurisdiction offederal courts to adjudicate certain kinds of cases. See Keene Corp., 508 U.S., at 207. In addition, federal courts will not infer congressional intent to restrict their jurisdiction. See Block v. Community Nutrition Inst., 467 U.S. 340 (1984). The presumption in favor of judicial review may be rebutted only by a showing of "clear and convincing evidence" that Congress intended to preclude review. See Board of Governors of the Fed. Reserve Sys. v. McCorp. Fin., Inc., 502 U.S. 32, 44 (1991). This is not a strict evidentiary burden, but rather one that may be met where a"congressional intent to preclude judicial review is 'fairly discernible in the statutory scheme.'" Block, 467 U.S. at 351 (quoting Data Processing Serv. v. Camp, 397 U.S. 150, 156 (1970)). In the event that there is "substantial doubt" as to congressional intent, the presumption in favor of judicial review controls. See id.

In the instant case, this court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) because this claim arises under United States law, specifically the claims arise under Immigration and Nationality Act ("INA") § 208 ( 8 U.S.C. § 1158), the Mandamus Act (28 U.S.C. § 1361) and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq..

Defendants argue that Congress has explicitly proscribed against Plaintiff's action citing 8 U.S.C. § 1158(d)(7) which states:

> Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

1158(d)(7), as it clearly states, only applies to subsection 1158(d) of 8 U.S.C. § 1158. Subsection (d) of Section 1158 is entitled "Asylum procedure." The substantive portions of this subsection provide what could be considered as the practical nuts and bolts of the asylum application procedure including the required fees (8 U.S.C. 1158(d)(3)), the process for consideration of an asylum application (8 U.S.C. § 1158(d)(5)(A)), the conditions under which employment authorization will be given to asylum applicants (8 U.S.C. 1158(d)(2)), and the time period within which a decision on an application should be rendered 8 U.S.C. § 1158(d)(5)(A)(iii). 8 U.S.C. 1158(a), (b), and (c) are in no way affected by 8 U.S.C. 1158(d)(7). As such 1158(d)(7) does not preclude the Court from finding that the Defendants have a clear nondiscretionary duty to adjudicate Plaintiff's asylum application under one of these sections, other sections of the INA, or under other general principles of law and equity. Thus, 8 U.S.C. 1158(d)(7) in no way restricts this Courts jurisdiction to hear this case which arises under federal law.

The defendants next argue that jurisdiction is barred because the United States can only be sued to the extent that it has consented to be sued. The Defendants state that 8 U.S.C. § 1158(d)(7) evidences that the government has explicitly proscribed against Plaintiff's suit. However, as discussed above, 1158(d)(7) does not have the far reaching effect that Defendants would have the Court believe. Further, several Courts in the Northern District of California have held that jurisdiction exists in mandamus cases seeking to compel adjudication of adjustment of status applications arising under the Immigration and Nationality Act. *See* Okunev v. Chertoff, No. 07-00417, 2007 U.S. Dist. LEXIS 53161 (N.D. Cal. July 11, 2007); and *Quan v. Chertoff*, 06-7881, 2007 U.S. Dist. LEXIS 44081 (N.D. Cal. June 7, 2007). In none of these cases did the Courts deny find that they lacked jurisdiction because of the lack of consent from the United States Government for the suit.

The Defendants also cite two additional cases for the proposition that the Court lacks jurisdiction in this case. First, the Defendants cite a 6th Circuit case holding that a 14 year delay in adjudicating an application for asylum did not violate due process. Vang v. Gonzales, 237 Fed. Appx. 24, 31 (6th Cir. 2007). This case is off-point. The standards for finding a due process

violation are not related to jurisdictional limits nor are they related, except possibly tangentially, to mandamus and APA actions. If anything, this case stands for the fact that federal courts, in some contexts, have the jurisdiction to review asylum procedures. Finally, the Defendants cite a case from the Eastern District of Michigan for the proposition that 1158(d)(7) clearly precludes a finding of a clear nondiscretionary duty. Gjeluci v. Chertoff, 2005 WL 1801989, at *1 (E.D. Mich. July 27, 2005. First, this case is clearly in no way controlling in the Northern District of California. Second, this argument goes to the merits of the claim and not to the issue of jurisdiction. The holding in that case was not that the Court did not have jurisdiction to hear the claim but that no clear nondiscretionary duty exists.

For the reasons stated above, Plaintiff asks the Court to find that it has jurisdiction in this matter and to hear the merits of the claim.

B. DEFENDANT MUELLER IS PROPERLY NAMED

The Defendants argue that Defendant Mueller is improperly named because Plaintiff fails to allege any facts that support a claim against him. Plaintiff is unable to determine for certain the reason for the delay in the adjudication of his application. There is a reasonable possibility that Plaintiff's application is backlogged in the F.B.I's criminal background check process or the National Name Check Program. Plaintiff requests that he be granted leave to amend his complaint in this regard so that the Court maintains jurisdiction over a Defendant who is likely a source of the delay in adjudicating Plaintiff's application.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court maintain jurisdiction over this case and that Defendants motion to dismiss be denied.

Respectfully submitted this 24 day of January, 2008

_____/s/_____
Ben Loveman, Esq.
Law Offices of Virender Kumar Goswami
Attorney for Respondent

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:07-cv-05219-JCS    Document 15    Filed 01/24/2008    Page 5 of 5