JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PADAM GIRI, | No. C 07-5219 JCS |
|     Plaintiff | |
| v. | |
| ROBERT MUELLER, III, Director, Federal Bureau of Investigation; EMILIO GONZALES, Director, U.S. Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; MICHAEL B. MUKASEY,* Attorney General, Department of Justice; TERRY RICE, San Francisco Field Office Director, USCIS; EMILIA BARDINI, Director, Asylum Office, San Francisco, | DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION<br><br>Date: March 21, 2008<br>Time: 1:30 p.m.<br>Court: A |
|     Defendants. | |

## I. INTRODUCTION

In opposition to Defendants' Motion to Dismiss ("Defendants' Motion"), Plaintiff asserts that the Court has subject matter jurisdiction. Contrary to Plaintiff's conclusory statements, 8 U.S.C. § 1158(d)(7) clearly prohibits actions of this nature. Thus, Plaintiff mistakenly relies on cases involving adjustment of status in asserting that because courts found jurisdiction proper in those

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

DEFENDANTS' REPLY
C 07-5219 JCS                    1

1  cases, the Court should do so here. Amendment of Plaintiff's Complaint would be futile because
2  regardless of the reason for the delay, the Department of Homeland Security ("DHS") is the agency
3  with the authority to adjudicate Plaintiff's application. The Court lacks subject matter jurisdiction,
4  and the Complaint should be dismissed.

## II.   ANALYSIS

### A.   THE COURT LACKS SUBJECT MATTER JURISDICTION

#### 1.   Plaintiff Cannot Establish The Existence Of A Nondiscretionary Duty

8  Mandamus relief is available only where the plaintiff establishes the existence of a
9  ministerial, nondiscretionary duty that is so plainly prescribed as to be free from doubt. Kildare v.
10 Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Here, Plaintiff cannot establish such a duty because
11 the law explicitly establishes that no such duty exists. 8 U.S.C. § 1158(d)(7). Plaintiff asserts that
12 8 U.S.C. § 1158(d)(7) does not apply to subsections (a), (b), or (c) of that section. See Plaintiff's
13 Opposition, p. 3. However, as Plaintiff acknowledges, it is subsection (d)(5) that sets forth a time
14 frame for adjudication of asylum applications. See Plaintiff's Opposition, p. 3. Indeed, Plaintiff
15 relies on 8 U.S.C. § 1158(d)(5) for his assertion that he has a clear right to have his application for
16 asylum adjudicated within a certain time frame. See Complaint, p. 6, ¶ 40. Accordingly, the
17 prohibition contained in subsection (d)(7) applies squarely to this action.

18 Plaintiff inexplicably dismisses Vang v. Gonzales, 237 Fed. Appx. 24 (6th Cir. 2007),
19 claiming that the case actually supports jurisdiction. See Plaintiff's Opposition, pp. 3-4. In fact, the
20 Sixth Circuit rejected the petitioners' reliance on 8 U.S.C. § 1158(d)(5) because of the prohibition
21 in subsection (d)(7), stating that the subsection "makes clear" that no right to adjudication in a
22 certain time frame exists. Vang, 237 Fed. Appx. at 31. Without a clear right to adjudication,
23 Plaintiff cannot establish that jurisdiction exists. Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir.
24 2003).

25 Plaintiff's argument against the persuasive nature of Gjeluci v. Chertoff, 2005 WL 1801989
26 (E.D. Mich. July 27, 2005), is equally unavailing. See Plaintiff's Opposition, p. 4. Contrary to
27 Plaintiff's assertion, Gjeluci directly addresses the matter of subject matter jurisdiction:

28 Instead, plaintiff's claim is in effect that his administrative remedy has not been

DEFENDANTS' REPLY
C 07-5219 JCS                                2

1  <u>granted nor denied in a timely manner</u>, that is, before his wife's and children's individual asylum applications have been adjudicated. <u>Plaintiff has failed to articulate a "clear nondiscretionary duty" owed by the defendants to adjudicate his application</u> before his wife's and children's own individual applications. See 8 U.S.C. § 1158(d)(7)

Gjeluci, 2005 WL 1801989, at *4 (emphasis added). Thus, the district court dismissed the plaintiff's writ of mandamus action for lack of subject matter jurisdiction. <u>Id.</u> at *4. Here, Plaintiff also asks the Court to find that his application has not been granted or denied in a timely manner, and relies on 8 U.S.C. § 1158(d)(5) for his argument. Complaint, pp. 6, 7 ¶¶ 40, 44. Section 1158(d)(7), Title 8, United States Code makes it clear that no such right exists. Plaintiff has failed to establish the existence of a clear nondiscretionary duty; accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction.

2.     The United States Has Not Waived Sovereign Immunity

Plaintiff relies on cases dealing with adjustment of status applications for the proposition that the Court has jurisdiction. <u>See</u> Plaintiff's Opposition, p. 3. In doing so, Plaintiff exhibits a clear misunderstanding of what is required for a waiver of sovereign immunity. The Ninth Circuit Court of Appeals has explained that the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing <u>United States v. Shaw</u>, 309 U.S. 495, 500-01 (1940); <u>Hutchinson v. United States</u>, 677 F.2d 1322, 1327 (9th Cir.1982); <u>Beller v. Middendorf</u>, 632 F.2d 788, 796 (9th Cir.1980), <u>cert. denied</u>, 452 U.S. 905 (1981)). While the Administrative Procedure Act ("APA") "waives sovereign immunity for suits against federal officers in which the plaintiff seeks nonmonetary relief," there is no waiver under the APA where statutes preclude judicial review. 5 U.S.C. 701(a)(1); <u>Skranak v. Castenada</u>, 425 F.3d 1213, 1218 (9th Cir. 2005).

Here, Congress has clearly provided that the time frame set forth in subsection (d)(5) does not create a "substantive or procedural right or benefit that is legally enforceable against the United States or its agencies or its officers or any other person." 8 U.S.C. § 1158(d)(7). Accordingly, the United States has not waived sovereign immunity with respect to adjudication of asylum applications. <u>Skranak</u>, 425 F.3d at 1218. The Complaint should be dismissed.

///

B.     DEFENDANTS MUELLER AND MUKASEY ARE NOT PROPERLY NAMED

Plaintiff asserts that he has no way of knowing the reason for the delay in adjudication of his application, and requests leave to amend his complaint "so that the Court maintains jurisdiction over a Defendant who is likely a source in adjudicating" his application. Plaintiff's Opposition, p. 4. The nature of the delay at issue is irrelevant to the issue of the Court's jurisdiction over these Defendants; thus, amendment of Plaintiff's Complaint would be futile.[1]

Immigration law is clear: DHS is responsible for adjudicating asylum applications. See 6 U.S.C. § 271 (transferring the function of adjudicating asylum applications from the Commissioner of the former Immigration and Naturalization Service to USCIS, a division of DHS); 6 U.S.C. § 557 ("With respect to any function transferred by or under this chapter . . . reference in any other Federal law to any department, commission, or agency or any officer or office the functions of which are so transferred shall be deemed to refer to the Secretary, other official, or component of the Department to which such function is so transferred."). As explained in Defendants' Motion, non-DHS components are involved in asylum applications only if the asylum officer does not grant the application. 8 C.F.R. § 208.14(c)(1). Here, Plaintiff asks the Court to compel the initial adjudication of his asylum application. See Complaint, p. 7 ¶ 44. Thus, it is clear that the only relevant Defendants here are those within DHS.[2]

Defendants Mukasey and Mueller asks the Court to join the vast majority of courts across the nation, and recognize that they are not properly named in actions seeking adjudication of applications for immigration benefits. See Clayton v. Chertoff, et al., No. 07-cv-02781-CW, slip. op., at 4-7 (N.D. Cal. Oct. 1, 2007) (dismissing non-Homeland Security defendants because neither the Federal Bureau of Investigation ("FBI") nor the Attorney General have the statutory obligation or authority to adjudicate adjustment applications); Eldeeb v. Chertoff, No. 07-cv-236-T-17EAJ,

---

[1] Furthermore, Plaintiff's statement that he is unaware of the nature of the delay in this case is disingenuous. To the contrary, Plaintiff has been aware since November 2007 that the Department of Justice is not in anyway involved in this adjudication. See Declaration of Melanie Proctor. Regardless, because the Court lacks jurisdiction over this action, the nature of the delay is irrelevant.

[2] Even if Plaintiff's application is referred to the immigration court, the Court will lack jurisdiction to review that process. 8 U.S.C. § 1252(g).

DEFENDANTS' REPLY
C 07-5219 JCS                                    4

2007 WL 2209231, at *21 (M.D. Fla. July 30, 2007) (dismissing the FBI, stating that the duty owed by the FBI is to USCIS, not the plaintiff); Konchitsky v. Chertoff, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007) (stating "courts squarely addressing the issue of whether they have jurisdiction to compel the FBI to perform name checks . . . have overwhelmingly concluded that they do not."); Dmitriev v. Chertoff, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007) (dismissing the FBI without comment on jurisdiction).

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiff's request to amend, and dismiss the Complaint with prejudice.

Dated: February 1, 2008                             Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
MELANIE L. PROCTOR
Assistant U.S. Attorney